**STATE of Tennessee, Appellee,**

v.

**David FRANCISCO, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 14, 1989.

Permission to Appeal Denied by Supreme Court March 5, 1990.

William H. Ortwein, Chattanooga, for David Francisco.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, William H. Cox, III, Asst. Dist. Atty. Gen., Chattanooga, for State of Tenn.

OPINION

REID, Judge.

This case presents an appeal as of right from the misdemeanor conviction of posses-

sion of a controlled substance, T.C.A. § 39–6–417(b).

The appellant, David Francisco, assigns for review the denial of a motion to suppress evidence, the sufficiency of the evidence, jury instructions and the sentence.

The record does not show reversible error and the sentence is appropriate.

## MOTION TO SUPPRESS EVIDENCE

■ The appellant, at the time of the offense, was a narcotics detective on the Hamilton County Sheriff's department. A Fort Oglethorpe police officer told the appellant's supervisor that he had information from an informant, previously found to be reliable, that the appellant (described by the informant as David Francisco, a Chattanooga police officer) was delivering cocaine approximately twice a week to a particular place of business in Fort Oglethorpe and information from another informant that the named business was engaged in the illicit drug trade.

Department officers, without the appellant's knowledge and using a set of keys retained by the department, searched the department vehicle assigned exclusively to the appellant and found in a briefcase, locked in the vehicle and used by appellant in his work, a substance suspected of being cocaine. Without being told of the search, the appellant was asked by his supervisor if he had any drugs used or obtained in the course of his duties to be delivered to the department. The appellant surrendered a quantity of marijuana, packaged and marked as evidence. He stated he had possession of no other drugs.

His supervisor then told him the department had information that he was selling cocaine and asked to search the vehicle. The appellant agreed and executed a written "consent search" form. The appellant opened the doors and trunk of the vehicle, removed his briefcase from the trunk and, upon instruction by the chief of police who was observing the search, laid the briefcase on the hood of the vehicle. The incriminating evidence, a quantity of cocaine, was found in the briefcase.

Filed in the record is a copy of Hamilton County Sheriff's Department Policy and Procedure Manual, a portion of which states:

M.003 To avoid claims of privacy expectations this rule is established to safeguard the proper use and control of departmental property.

(a) Members and employees of the Sheriff Department may be assigned departmentally owned vehicles, lockers, desks, cabinets and cases for the mutual convenience of the department and it's personnel. All personnel are admonished that the retention of personal items in such containers or facilities is at the risk of the employee and the department will not be responsible for any losses. Such equipment is subject to entry and inspection without notice, even if the employee has placed a personally owned lock on the department property.

The above regulation also includes all departmental vehicles, which may be individually assigned (reference is also made on Section M.018 of this manual regarding the search and inspection of vehicles.)

M.018 Search and inspection of Departmental vehicles (to avoid claims of privacy expections) the following is established to assure proper maintenance, use and care of Departmental vehicles.

DEPARTMENTAL VEHICLES: to include all enclosed containers, regardless of whom assigned or where parked, all departmental vehicles shall be subject to search and inspection by the Sheriff or his designated representative at anytime, day or night. Use of an assigned vehicle shall be restricted, and, the Sheriff may, at anytime, remove from the employee the vehicle or rotate assignment of any unit. (Underlining appears in record).

The trial court refused to suppress the evidence on the grounds that the appellant "agreed contractually" to the searches, both searches were legally authorized by department regulations and the appellant had "no expectation of privacy" in the property searched. The court also held the second search was valid because the appel-

lant consented and the consent "cured any constitutional deficiency" in the first search.

The proof shows the searches were incident to the investigation of work-related misconduct. "Searches and seizures by government employers or supervisors of the private property of their employees ... are subject to the restraints of the Fourth Amendment." *O'Connor v. Ortega,* 480 U.S. 709, 107 S.Ct. 1492, 1497, 94 L.Ed.2d 714 (1987). This constitutional restraint is applicable to the vehicle owned by the county but assigned to the appellant for his exclusive use. *Gillard v. Schmidt,* 579 F.2d 825 (3d Cir.1978); *United States v. Speights,* 557 F.2d 362 (3d Cir.1977). However, the appellant can claim Fourth Amendment protection only if he held a reasonable expectation of privacy in the objects of the search. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A constitutionally justified expectation of privacy has two requirements: "first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable'." *Katz v. United States,* 88 S.Ct. at 516, (Harlan, J., concurring).

The proof in this case demonstrates that the appellant had no expectation of privacy. The stated purpose of the department regulation is "to avoid claims of privacy expectations" and the regulation provides "[s]uch equipment [vehicles, lockers, desks, cabinets and cases and personal items therein] is subject to entry and inspection without notice." Appellant's lack of expectation of privacy was confirmed by his acquiescence in the second search of the vehicle and briefcase, without any knowledge of the first search.

Since the validity of the search is resolved upon a finding that there was no expectation of privacy, there can be no consideration of the other prong of the test, whether, on balance, the expectation was reasonable. See *Lovvorn v. City of Chattanooga, Tenn.,* 846 F.2d 1539 (6th Cir.1988), *Sec. and Law Enforcement Emp., Dist. C. 82 v. Carey,* 737 F.2d 187 (2d Cir.1984). For the same reason, discussion of the other grounds on which the trial court held the search valid is pretermitted.

## SUFFICIENCY OF THE EVIDENCE

■ The appellant's possession of cocaine is not disputed. He contends the possession was incident to the performance of his duties as a police officer and was lawful pursuant to T.C.A. § 53–11–410. He says he met the burden of proving the possession was lawful. *See Loveday v. State,* 546 S.W.2d 822 (Tenn.Crim.App. 1976).

The appellant testified that he was delivering to the sheriff's department a large purchase of cocaine in small increments over a period of time to avoid further criticism by his supervisor that he was expending too much county money for drugs and making too few arrests. He stated that in his opinion the deceptive procedure was necessary in order to apprehend a major dealer. He admitted he had falsified reports as to dates and quantity. His explanation for having cocaine in his possession after being requested by his supervisor to deliver all drugs to the department was that he had forgotten he was "piecemealing" the delivery of the large buy.

On appeal a guilty verdict approved by the trial judge accredits the testimony of the witnesses for the State; the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences therefrom; the verdict removes the presumption of innocence and raises a presumption of guilt; and the appellant has the burden of showing that the evidence preponderates against the verdict. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978); *State v. Hatchett,* 560 S.W.2d 627 (Tenn. 1978); *State v. Townsend,* 525 S.W.2d 842 (Tenn.1975); *State v. Grace,* 493 S.W.2d 474 (Tenn.1973); and *Anglin v. State,* 553 S.W.2d 616 (Tenn.Crim.App.1977).

For purposes of appellate review, the evidence is sufficient to support the jury's finding that Appellant's possession of the controlled substance was not incident to "the lawful performance of his duties," beyond a reasonable doubt. T.C.A.

§ 53–11–410; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Loveday v. State, supra;* Rule 13(e), T.R.A.P.

## JURY INSTRUCTIONS

■ The appellant contends that the language of T.C.A. § 53–11–410, quoted by the court in instructing the jury, is not sufficiently clear and further explanation was required. The court charged:

The law provides that it is unlawful for any person knowingly or intentionally to possess a controlled substance except as otherwise authorized by the law. The law further provides that no liability is imposed upon any authorized state, county or municipal officer engaged in the lawful performance of his duties. Whether any possession occurred while an officer was in the engagement of his lawful performance of his duties is an issue for the jury to decide.

The court gave the standard instructions with regard to presumption of innocence, burden of proof and reasonable doubt. The instructions were sufficient.

In addition, the requested instruction, "[I]f you find the defendant was [a police officer] engaged in the lawful performance of his duties when he possessed the controlled substance, ... said possession is lawful," is inaccurate. For the possession to be lawful it must be incident to, not merely contemporaneous with, the performance of his duties.

## SENTENCE

■ Appellant contends the jail sentence of 10 months is excessive.

He insists the fact that he was a police officer charged with the duty of enforcing the drug laws which he violated cannot be considered in assessing punishment, because it is not specifically stated to be an enhancement factor in T.C.A. § 40–35–111. This position is contrary to the statutes regulating sentencing and the court decisions interpreting those statutes.

The assessment of punishment requires application of the sentencing principles stated in T.C.A. § 40–35–103 to the facts and circumstances in the record deemed relevant by T.C.A. § 40–35–210. The Court must consider the evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, any mitigating and/or enhancing factors, statements made by the offender and the potential for rehabilitation. T.C.A. §§ 40–35–103, 210. In *State v. Moss,* 727 S.W.2d 229, 235 (Tenn. 1986), the Supreme Court stated:

This provision [T.C.A. § 40–35–103(2)] makes it clear to us that a case-by-case approach to sentencing underlies this Act as a fundamental policy. An individual criminal is sentenced based on the nature of the offense and the totality of the circumstances in which it was committed, including the defendant's background. *Cf.* T.C.A. §§ 40–35–102(1); 40–35–102(2). Any case-by-case approach will embody discretion, since all of the appropriate factors and circumstances must be weighed and considered as a whole for the disposition of each case.

The record does not reveal any compelling statutory enhancement or mitigating factors. The presentence report contains no remarkable information not included as evidence. The most salient circumstance in the case is that a police officer used his position to violate the law for his pecuniary gain. In the light most favorable to the appellant, he fabricated a departure from authorized procedure in order to deceive his superior officers. He employed the insidious and charlatan rationale, the end justifies the means. Based on the jury verdict, he is guilty of official corruption, the most malignant peril to the criminal justice system.

Upon a de novo review of the record without a presumption of correctness and according to the principles and procedures set forth in the Criminal Sentencing Reform Act, as interpreted by the Supreme Court in *State v. Moss, supra,* the sentence of 10 months is not excessive. T.C.A. § 40–35–402(d), (Supp.1988).

The conviction and sentence are affirmed.

DAUGHTREY and BYERS, JJ., concur.